MoIlvaine, J.
We think the judgments of the courts below were right.
The transactions upon which the plaintiff bases his claim against defendants were conducted exclusively by Robbins as agent for plaintiff. If the relation between plaintiff and Robbins was not disclosed to defendants, the law is, that the plaintiff must take the contract subject to all the rights and equities of which the defendants might avail themselves against Robbins if ho were in fact principal. If Robbins had been a principal in the transactions, the right of defendants to sell the tobacco to satisfy their claim against him would not be questioned.
Robbins at the time of making the purchases assumed the character of a principal, an attitude wholly inconsistent with that of agent for either a known or an unknown principal. His purchases were made subject to a condition previously agreed upon by and between the parties, that the tobacco purchased should remain in possession of the vendors as security for acceptances given for the purchase-money and other indebtedness from the purchaser to the vendors. True, the sales were entered in defendant’s books as made to M. II. Miller. So procured to be made by Robbins upon representations to the bookkeeper that the names of purchasers to be substituted for his own were illusory. Such had been the previous practice, unknown indeed, to defendants, but corrected as soon as discovered. To the minds of defendants, charging them with the knowledge of their bookkeeper, these names represented “men of straw.” For this state of things plaintiff’s agent was responsible. Neither the defendants nor any of their clerks had ever heard of plaintiff as a reality. No laches can be attributed to them, sis they acted upon the best information which under the circumstances could be supposed to exist.
*86 It is contended, however, that by dealing with Robbins as they did, by placing in his hands bills of sale in Miller’s name indorsed “ paid,” whereby Miller was induced to part with his money, the defendants are estopped from denying the agency of Robbins and that Miller was his principal.
When this case was before this court, as reported in 26 Ohio St. 639, it was held that a vendor of property to a known agent by receipting the purchase money, whereby the principal was induced to pay the amount to the agent, is estopped from denying the truth of the receipt, as against such principal, but it was also intimated that no estoppel would arise where the fact of agency was unknown to the vendor. And we now think that the delivery to Robbins of the bills in the name of Miller marked “paid” does not, under the circumstances amount to any proof of knowledge on the part of the defendants of the relation of principal and agent between the plaintiff and Robbins.
It is also contended that jAiintiffs’ case is strengthened by the fact that the internal revenue 'laws, in force at the time, required all sales of tobacco under like circumstances, to be entered in the books of the vendor in the real name of the purchaser, under penalties. The claim is that Miller had a right to assume from the form of the bills of sale that he was known to the defendants as the purchaser in fact.
It may be that defendants were technically guilty of a violation of the act of Congress, but whether they rvere or not the act of Congress does not constitute’a muniment of plaintiff’s title to the tobacco. His title, as against the defendants, must rest on the fact that Robbins was his agent and that defendant knew that fact, or had knowledge of such facts as put them upon inquiry, and were guilty of negligence in not making such inquiry. Upon these questions the court below found against the plaintiff.
The evidence is not set forth in the record, but a statement of primary facts as found by the superior court is set forth, and we think the ultimate fact which was in issue between the parties was properly deduced from the statement in the record. *87 namely, that the relation of principal and agent as between the plaintiff and Robbins was not disclosed to the defendants.

Judgment affirmed.